UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO AURTORO KOBEL, | No. 2: 21-cv-0841 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 21, 2021, the court granted respondent's motion to dismiss on the grounds that petitioner's claims are not ripe. (ECF No. 15.)

On January 7, 2022, petitioner filed a motion for an evidentiary hearing and request for reconsideration of the December 21, 2021 order. (ECF No. 17.) The undersigned construes petitioner's pending motion as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated herein, petitioner's request for relief from judgment is denied.[1]

---

[1] Although petitioner filed a notice of appeal of the December 21, 2021 order and judgment (ECF No. 18), the court may consider petitioner's request for relief from judgment. Fed. R. App. 4(a)(4)(B)(i).

1

In this action, petitioner argued that he was entitled to immediate release to a Residential Drug Treatment Program based on application of earned time credits to his sentence under the First Step Act. (ECF No. 11 at 1.) The undersigned agreed with the majority of courts concluding that petitioner's claim was not ripe because the Bureau of Prisons ("BOP") had until January 15, 2022 to "phase-in" the evidence based recidivism programs and productive activities for all prisoners. (Id. at 3-4.)

In the petition, petitioner cited Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), where the district court found that the BOP need not wait until January 15, 2022 to implement the at-issue sections of the First Step Act. (Id. at 5.) The undersigned joined with the numerous courts that have respectfully disagreed with the Goodman decision. (Id.)

In the pending motion, petitioner requests that the court reconsider the December 21, 2022 order based on a recent opinion issued by the United States District Court for the District of Oregon, Cazares v. Hendrix, 2021 WL 5921367 (D. Oreg. Dec. 15, 2021). In Cazares, federal inmates filed habeas corpus petitions, which were consolidated, seeking relief under the First Step Act. Id. at *1. In relevant part, the district court found the Goodman reasoning persuasive. Id. at *11. The district court ordered the respondents to calculate and award applicable credits under the First Step Act. Id.

After reviewing Cazares and the other arguments raised in the pending motion, the undersigned declines to reconsider the previous order finding that petitioner's claims are not ripe. Accordingly, petitioner's request for relief from judgment is denied.[2]

/////
/////
/////
/////
/////

---

[2] The January 15, 2022 deadline for the BOP to complete the phase-in of the Fair Step Act has passed. Once the BOP applies Fair Step Act credits or fails to properly apply such credits, petitioner may file a new petition for relief, if appropriate.

2

1  Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an evidentiary hearing and request for reconsideration (ECF No. 17), construed as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), is denied.

Dated: February 11, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE