UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO AURTURO KOBEL, | No. 2: 21-cv-0841 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, | |
| Respondent. | |

    Petitioner is a federal prisoner proceeding with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 21, 2021, the undersigned granted respondent's motion to dismiss and judgment was entered. (ECF Nos. 15, 16.)

    On January 7, 2021, petitioner filed a motion for evidentiary hearing and reconsideration of the December 21, 2021 order. (ECF No. 17.) In the January 7, 2021 motion, petitioner contends that he is "uncomfortable" with the undersigned "not recusing himself…" (Id. at 2.) Petitioner suggests that the undersigned is biased against petitioner based on his former employment in the Department of Justice. (Id.)

    The undersigned construes petitioner's January 7, 2021 motion to contain a request for recusal of the undersigned.

    The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

1

impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  A judge shall also disqualify himself or herself when the judge has "a personal bias or prejudice concerning a party...." Id., 455(b)(1).  The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." United States v. Holland, 519 F.2d 909, 913 (9th Cir. 2008).

The request for recusal appears to be predicated on the December 21, 2021 order granting respondent's motion to dismiss.  Adverse rulings, standing alone, are not a sufficient basis for recusal.  Litekey v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion .... Almost invariably, they are proper grounds for appeal, not for recusal.").  Moreover, the undersigned has no bias against petitioner based on his former employment.  Accordingly, the request for recusal is denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for recusal of the undersigned, contained in the January 7, 2021 request for reconsideration, is denied.

Dated:  February 11, 2022         /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT JUDGE